JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:22-cv-02046-DOC-JDE                    Date: February 14, 2023

Title: DAISY THAO HUYNH ET AL V. NORDSTROM, INC. ET AL.

---

PRESENT:          THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

Before the Court is the parties' briefing in response to the Court's order to show cause. On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

## I.    Background

This is a premises liability action, concerning Plaintiff Daisy Thao Huynh's slip and fall in the premises of Defendant Nordstrom, Inc. ("Nordstrom"). Notice of Removal ("Notice") (Dkt. 1), *see also* Complaint (Dkt. 1–1). Plaintiff alleges that Defendants negligently maintained a display case which fell onto Plaintiff as she walked past it. *See* Complaint at 4.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on October 16, 2022. On November 9, 2022, Defendant removed the action to this Court, asserting diversity jurisdiction. Notice of Removal (Dkt. 1).

## II.   Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-02046-DOC-JDE							Date: February 14, 2023
											Page 2

from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 22-02046-DOC-JDE  Date: February 14, 2023
Page 3

minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**III. Discussion**

Plaintiff's status report states that their medical billing to date totals $31,019.48. Status Report ("Plaintiff Report") (Dkt. 9) at 2-3. Plaintiff states that they are still symptomatic and receiving treatment. *Id.* Defendant Nordstrom "acknowledges the possibility that Plaintiff's damages may not exceed $75,000 threshold required for an action in Diversity." Status Report ("Nordstrom Report") (Dkt. 10) at 3.

The Court agrees. Plaintiff's Complaint does not clearly or unambiguously allege at least $75,000 in damages. Accordingly, Defendant must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

The Court will not include speculative civil penalties or attorneys' fees to meet the amount in controversy requirement. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 22-02046-DOC-JDE                                              Date: February 14, 2023
                                                                                                          Page 4

1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added).

Here, given Plaintiff's current medical billing in the amount of $31,019.48, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Thus, the Court finds that it lacks diversity jurisdiction over this matter.

### IV.     Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County, California.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                              Initials of Deputy Clerk: kdu
CIVIL-GEN